IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WESLEY VERNON DELPORT | ) | Case No. 16-60326 |
| ALICE MAUD DELPORT | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| J. KEVIN CHECKETT, Trustee in Bankruptcy, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. No. 16-06021 |
| | ) | |
| D. SCOTT HEINEMAN, #12152-081 | ) | |
|   USP Atwater | ) | |
|   U.S. Penitentiary | ) | |
|   P.O. Box 019001 | ) | |
|   Atwater, CA 95301 | ) | |
| Individually and as Trustee of the Delport Family Trust, | ) | |
| | ) | |
| KURT F. JOHNSON, #13177-081 | ) | |
|   USP Marion | ) | |
|   U.S. Penitentiary | ) | |
|   P.O. Box 1000 | ) | |
|   Marion, IL 62959 | ) | |
| Individually and as Trustee of the Delport Family Trust, | ) | |
| | ) | |
| Defendants. | ) | |

## **JUDGMENT**

NOW ON THIS DAY the Court takes up for consideration the Complaint as filed by J. Kevin Checkett, Trustee ("Trustee") against D. Scott Heineman ("Heineman") and Kurt F. Johnson ("Johnson") (collectively "Defendants"). The Court finds as follows, to-wit:

1

1. On April 7, 2016, Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. Wesley V. Delport is now incarcerated with the Federal Bureau of Prisons. Alice M. Delport resides in Greene County, Missouri.

2. The Trustee of the bankruptcy estate is operating pursuant to the rights, powers, and duties of 11 U.S.C. §§ 544 and 363(h).

3. Defendants D. Scott Heineman and Kurt F. Johnson are incarcerated with the Federal Bureau of Prisons. Heineman and Johnson are named as defendants in this case in their individual capacity and as trustees of the Delport Family Trust.

4. In this adversary proceeding, Trustee seeks a declaratory judgment and to sell Debtors' assets of this estate as described below pursuant to 11 U.S.C. § 363. This is also a proceeding to obtain a declaratory judgment relating to the foregoing pursuant to Bankruptcy Rule 7001.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 151, § 157, § 1334, and Rule 1073-1 of the Local Rules of the United States District Court, Western District of Missouri.

6. This matter constitutes a statutorily and constitutionally "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O), arising under Title 11 and in the Chapter 7 case of the Debtors, presently pending before the United States Bankruptcy Court for the Western District of Missouri.

7. Venue is proper in this court under 28 U.S.C. § 1409.

8.    The Court finds good and proper service has been made by the Plaintiff upon the Defendants. The Defendants have notice of this proceeding and an opportunity to file a response but no pleading has been filed for or on their behalf.

9.    At the time of filing this Chapter 7 proceeding, the Debtors owned a beneficial interest in the following described real estate ("Real Estate"), to-wit:

> **All of lot 2, final plat of Castle Gate, a subdivision in Christian County, Missouri, according to the recorded plat thereof.**

10.   The property interest of the Debtors in the Real Estate is property of the bankruptcy estate pursuant to 11 U.S.C. §541, which provides in part:

> **Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petitioner, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-**
>
> **by bequest, devise, or inheritance;**
>
> **Any interest in property that the estate acquires after the commencement of the case.**

11.   Debtors purchased the subject property in the year 2002 as husband and wife.

12.   On January 9, 2003, the Debtors executed a Quit Claim deed to the Shammah Foundation. There is no such entity as the Shammah Foundation. Rather, the conveyance was an attempt by the Debtors to transfer assets in fraud of their creditors.

13.   On April 25, 2005, the Debtors executed the Delport Family Trust naming Heineman and Johnson as Trustees and Brendon Delport and Beverly Delport as beneficiaries.

14. On April 25, 2005, as part of a scheme to defeat the mortgage held by Washington Mutual Bank, the Debtors executed two (2) deeds to Heineman and Johnson as Trustees of the Delport Family Trust, for no consideration.

15. On April 28, 2005, the Debtors, on behalf of the Shammah Foundation, executed their Quit Claim deed to the Delport Family Trust

16. The Delport Family Trust was established in a fraudulent attempt in concert with Heineman and Johnson to defeat the Delport's mortgage company. Heineman and Johnson were later convicted by the United States District Court for the Northern District of California as part of their nationwide mortgage fraud. As such, the deed executed by the Delports to the trustees is fraudulent and must be set aside.

17. On September 4, 2005, the Debtors executed their Notice and Minute regarding the Delport Family Trust relieving the Defendants Heineman and Johnson from all fiduciary duties and transferring all such rights and obligations to Brendon Delport.

18. The Delport Family Trust provides that the beneficiaries Brendon Delport and Beverly Delport have authority to remove the trustees. However, the Trust is unclear as to when it terminates and is unclear to the duties of the trustees. Brendon Delport and Beverly Delport have agreed to convey by Quit Claim Deed all right, title, and interest in the real estate to the Debtors Wesley V. Delport and Alice M. Delport. For that reason, the beneficiaries have forfeited and relinquished their interest in the Delport Family Trust.

19. Heineman and Johnson have perpetrated a fraud upon the Debtors by which the Trustee has the right to set the deed of April 25, 2005, and the Delport Family Trust aside.

20. Heineman and Johnson, trustees to the Delport Family Trust, may or do claim that the Trust purportedly protects assets of this estate from levy and sale.

21. Heineman and Johnson individually may claim an ownership interest to the Trust Real Estate superior to that of the Trustee.

22. The relief sought by the Trustee for declaratory judgment is essential to the preservation of the bankruptcy estate's rights and as to his proper and adequate remedies at law.

23. The deeds by Debtors were made with the actual intent to hinder, delay, or defraud an entity to which the debtor became indebted on or after the date of such transfer.

24. Defendants perpetrated a fraud on Debtors and the Court.

ORDERED, the Court finds and declares that the terms of the Delport Family Trust are void as to J. Kevin Checkett as Trustee of Wesley Vernon Delport and Alice Maud Delport; and

ORDERED, the Court further finds and declares that D. Scott Heineman and Kurt F. Johnson individually and as Trustees of the Delport Family Trust own no right, title, or interest to the real estate; and

ORDERED, all conveyances and transfers by the Debtors to the Delport Family Trust or to the Defendants are avoided and held for nothing.

ORDERED, all right, title, and interest to the Real Estate is held and possessed by Wesley Vernon Delport and Alice Maud Delport.

SO ORDERED.

Dated: 8/12/2016

/s/Arthur B. Federman
Arthur B. Federman
United States Bankruptcy Judge

COURT TO SERVE PARTIES NOT RECEIVING ELECTRONIC NOTICE